IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02229-BNB

CHRISTOPHER JAMES GREY,

Applicant,

v.

WARDEN MICHAEL ARELLANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant Christopher James Grey is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Grey initiated this action by filing *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 29, 2008, Mr. Grey filed on the proper, court-approved form an application for a writ of habeas corpus. Mr. Grey is challenging the validity of his conviction and sentence in La Plata County District Court case number 00CR179. In an order filed on November 5, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On November 21, 2008, Respondents filed their Pre-Answer Response. On December 5, 2008, Mr. Grey filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Grey liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On January 19, 2001, Mr. Grey entered a guilty plea to one count of sexual assault on a child in the La Plata County District Court. On April 20, 2001, Mr. Grey was sentenced to an indeterminate term of sixteen years to life in prison. He did not file a direct appeal. However, on May 2, 2001, Mr. Grey filed a motion to reconsider his sentence. Following the filing of an amended motion and a hearing, the trial court denied the motion for sentence reconsideration on May 24, 2002.

On January 20, 2005, Mr. Grey filed a second state court postconviction motion that the trial court denied on March 29, 2005. On February 1, 2006, the Colorado Court of Appeals issued its mandate dismissing Mr. Grey's appeal from the trial court's March 29, 2005, order. Finally, on September 15, 2008, Mr. Grey filed a third state court postconviction motion in the trial court that apparently still is pending.

The Court received the instant action for filing on September 30, 2008. Mr. Grey claims that his conviction must be vacated because the trial court lacked subject matter jurisdiction. He specifically argues that the trial court lacked jurisdiction because the judge and prosecutors did not have an oath of office on file with the Colorado Secretary of State prior to assuming the duties of their respective offices.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Grey's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Grey had forty-five days to file a notice of appeal after he was

sentenced on April 20, 2001. As a result, the Court finds that Mr. Grey's conviction became final on June 4, 2001.

The Court also finds that the one-year limitation period began to run on June 4, 2001, because Mr. Grey does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. Although Mr. Grey argues in his reply to the Pre-Answer Response that his claims are based on newly discovered evidence, it is apparent that the factual predicate for his claims could have been discovered at the time his conviction became final through the exercise of due diligence. Mr. Grey's additional arguments, that he had no knowledge of the law when he was convicted and that his attorney was ineffective for failing to pursue the claims Mr. Grey is raising in this action, also do not demonstrate that the one-year limitation period began to run on some date after Mr. Grey's conviction became final.

As noted above, Mr. Grey's postconviction motion for sentence reconsideration was filed prior to June 4, 2001, when the one-year limitation period began to run. Therefore, pursuant to § 2244(d)(2), the one-year limitation period was tolled until May 24, 2002, while the postconviction motion for sentence reconsideration was pending in the trial court. However, because Mr. Grey did not file his second state court postconviction motion until January 2005, nearly three years after the postconviction motion for sentence reconsideration was denied, the Court finds that the one-year limitation period expired before the second state court postconviction motion was filed.

As a result, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Grey argues in his reply to the Pre-Answer Response that this action is timely because claims challenging the trial court's jurisdiction may be raised at any time. The Court disagrees because there is no exception in § 2244(d) for jurisdictional claims.

Finally, the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Grey bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Grey fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. Grey's claims are not exhausted. Accordingly, it is

ORDERED that the habeas corpus petition and the habeas corpus application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 12 day of Dec., 2008.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02229-BNB

Christopher J. Grey
Prisoner No. 109069
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 4
Crowley, CO 81034

Laurie Booras
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/19/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk